UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"IN ADMIRALTY"

IN THE MATTER OF THE COMPLAINT
OF THOMAS A. PEPIN, as Owner of a
2016 11' Bombardier SeeDoo GTI Limited
155 with Hull ID Number YDV37164D616,
for Exoneration from or Limitation of
Liability,

Case No. _____

      Petitioner.
_____/

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

THOMAS A. PEPIN (hereinafter "Petitioner"), files this Complaint for Exoneration from or Limitation of Liability as owner of that certain 2016 11' Bombardier SeeDoo GTI Limited 155 personal watercraft with Hull ID Number YDV37164D616, in a cause of action civil and maritime, and respectfully alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333, 46 U.S.C. § 30501, *et seq.* and Rule 9(h) of the Federal Rules of Civil Procedure.

2. That at all material times, THOMAS A. PEPIN was an individual residing is Tampa, Florida, within this District.

3. Venue is proper in this district under 28 U.S.C §1391 and Supplemental Rule F(9) as the events giving rise to this Complaint occurred on the navigable waters of the United States in Clearwater Harbor, within this district, and a substantial part of property that is the subject of the action, including the Vessel, is situated within this district.

4. That at all material times, THOMAS A. PEPIN was the titled owner of that certain 2016 11' Bombardier SeeDoo GTI Limited 155 personal watercraft with Hull ID Number YDV37164D616 (the "Vessel"), a self-propelled vessel powered by a gasoline engine.

5. At all material times hereto, the Vessel was a seaworthy vessel, properly titled and registered under the laws of the State of Florida, and was tight, staunch, strong, fully and properly manned, equipped and supplied, and was in all respects seaworthy and reasonably fit for use in and around inland and coastal waters of the United States.

6. The events which give rise to this Petition occurred while the Vessel was being operated on the navigable waters of the United States in Clearwater Harbor in the vicinity of Mandalay Channel near Clearwater Beach, Florida, within this District.

7. At all material times hereto, Petitioner was not present and did not participate in any way in any of the occurrences alleged herein.

8. Craig Butz and his family were at a home on Clearwater Beach where the Vessel was moored.

9. On September 23, 2017, Craig Butz, an experienced boater, was operating the Vessel while underway with one passenger, Teagan Butz.

10. While being operated, the Vessel collided with another vessel owned and operated by Thomas W. Carey.

11. As a result of the collision, Craig Butz sustained fatal injuries, Teagan Butz sustained serious injuries, and the vessels involved in the collision sustained damage.

12. The voyage terminated shortly after the alleged incident on September 23, 2017, in Clearwater Beach, Florida.

13. Any losses or damages that occurred or were alleged to have occurred on the voyage ending on September 23, 2017, were not caused or contributed to by any fault, neglect, want of care or design on the part of THOMAS A. PEPIN and/or any unseaworthy condition of the Vessel, but, on the contrary, were caused solely by conditions beyond Limitation Plaintiff's control and actual or constructive knowledge.

14. Limitation Plaintiff denies that he or the Vessel or any other person or property for whom or for which he may be responsible is liable to any extent for all claims and damages arising out of the above incident. Limitation Plaintiff specifically denies any and all liability for any claims or losses, or damages occasioned by, or resulting from, the matters and happenings alleged above and states that he has a valid defense to any such claim. Limitation Plaintiff desires to contest his liability for any such claims and, therefore, show that he is entitled to a decree exonerating him and the Vessel from liability.

15. Petitioner further alleges that any and all damages and losses as aforesaid were done, occasioned and incurred without fault on the part of Petitioner and without his privity or knowledge, actual or imputed. Should this Honorable Court, however, adjudge that Petitioner is liable to any extent in the premises, either jointly or severally, the Petitioner claims the benefits of the Limitation of Liability Laws of the United States, 46 U.S.C. § 30501 *et seq.*, and all statutes amendatory thereof and supplementary thereto.

16. Petitioner is not aware of any suits arising out of the aforesaid incident presently pending against Petitioner. However, Petitioner is aware of the death of Craig Butz and injuries sustained by Teagan Butz resulting from the incident described above. Petitioner has not received written notice of claim, but is fearful that suit may be brought against him by parties who allege injuries and damages by reason of the aforesaid incident.

17. This Complaint is filed within six (6) months of the date of the incident and is therefore timely.

18. The Vessel was severely damaged as a result of the incident. It is currently in the possession of Petitioner's insurers in Bradenton, FL, within this district.

19. There is no pending freight arising from the voyage upon which the vessel was engaged on September 23, 2017.

20. Subject to an appraisal, Petitioner alleges that the fair market value of the Vessel, including its equipment, apparel and appurtenances, etc. was no more than Three Thousand Dollars ($3,000.00) following the termination of the of the voyage which gave rise to this limitation action as evidenced by a Declaration of Value to be filed herein. Petitioner knows of no reason or facts to suggest that the value of the Vessel has increased or appreciated. Accordingly, the Vessel, following the aforementioned incident, was valued at no more than $3,000.

21. Petitioner alleges that the amount of the damages and/or claims hereinabove described, and all other possible claims against Petitioner and the Vessel exceed the amount or value of Petitioner's interest in the Vessel and pending freight.

22.	Petitioner offers and will file herein an Ad Interim Stipulation for the payment into this Honorable Court of the aggregate amount of Petitioner's interest in the Vessel at the termination of the voyage aforesaid, with interest at the rate of six (6%) percent per annum from the date of the Stipulation, and for all costs; and in addition thereto, Petitioner is prepared to give bond or stipulation for any amount in excess of the Ad Interim Stipulation as may be ascertained and determined to be necessary under any orders of this Honorable Court, as provided by the laws of the United States and the Federal Rules of Civil Procedure.

23.	Petitioner states that there are no unsatisfied liens or claims of liens, in contract or in tort, arising out of the voyage referred to above, so far as known to Petitioner, and except as set forth herein.

24.	All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States, and of this Honorable Court, and constitute a claim for relief within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, THOMAS A. PEPIN prays:

A.	That this Honorable Court enter an Order approving as to quantum, form, and surety, the Ad Interim Stipulation for Value and Stipulation for Costs to be filed by Petitioner herein, pending any appraisement as may be ordered by the Court of the amount of Petitioner's interest in the Vessel;

B.	That, upon the filing of the foregoing Ad Interim Stipulation for Value and Stipulation for Costs, this Court issue an injunction enjoining and restraining the commencement or prosecution of any and all actions, suits or legal proceedings of any kind

against Petitioner and his insurers and underwriters, and against the Vessel and any other property owned by Petitioner, other than in these proceedings;

C. That this Court cause a Monition to be issued to all persons, firms and corporations having or alleging to have any claims by reason of the matters and happenings detailed in the foregoing Complaint, directing them to appear and file their claims with the Clerk of the Honorable Court, on or before a date to be fixed by the Court and as specified in the Monition, or be forever barred and permanently enjoined from making and filing any such claims, and also to answer, all and singular, the allegations of this Complaint;

D. That this Court adjudge that Petitioner, his insurers and underwriters, and the Vessel, are not liable to any extent for any damages, demands or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters and happenings alleged in the foregoing Complaint;

E. That, in the alternative, if this Court should adjudge that Petitioner or his insurers and underwriters are liable to any extent in the premises, the Court shall adjudge that the liability of Petitioner and his insurers and underwriters shall be limited to the amount of his interest in the Vessel and pending freight at the time of the end of the voyage wherein the incident which gave rise to this action occurred, in accordance with 46 U.S.C.A. § 30501 *et seq.*; and in that event, the amount representing the value of Petitioner's interest in the Vessel and pending freight shall be divided pro rata among the claimants having made due proof of their respective claims; and that a decree be entered discharging Petitioner and his insurers and underwriters, and the Vessel of and from any and all further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against Petitioner

and his insurers and underwriters in consequence of or arising out of or connected with the matters and happenings alleged in the foregoing Complaint; and

F. That Petitioner have such other and further relief in the premises as may be just and proper.

DATED this 22 day of March, 2017.

_____
Eric C. Thiel – FBN 016267
BANKER LOPEZ GASSLER P.A.
501 East Kennedy Boulevard, Suite 1700
Tampa, FL 33602
Telephone: (813) 221-1500
Facsimile: (813) 222-3066
Email: service-ethiel@bankerlopez.com

Attorneys for Petitioner